# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01685

ROBERT WORTHAM, individually and on behalf of all others similarly situated,
    Plaintiff,

v.

OPTIMAL ENERGY RESOURCES, INC.,

    Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Robert Wortham (Wortham) brings this collective action lawsuit to recover the unpaid overtime wages and other damages from Optimal Energy Resources, Inc. (OER) under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 *et seq.*

2.      (OER) under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 *et seq.*

3.      Wortham worked for OER as an Inspector.

4.      Wortham and the other Salaried Inspectors (as defined below) performed non-exempt job duties for OER, including inspecting interstate pipelines to ensure the safe transportation of goods, such as oil and gas.

5.      Wortham and the other Salaried Inspectors regularly work in excess of 40 hours each week.

6.      But OER does not pay them overtime for hours worked in excess of 40 hours in a single workweek.

7.      Instead of paying overtime, OER classified Wortham and other Salaried Inspectors as exempt employees and paid them a salary with no overtime compensation in violation of the FLSA.

8.     This collective action seeks to recover unpaid overtime wages and other damages owed to these employees.

## JURISDICTION AND VENUE

9.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because OER maintains its headquarters in this District.

11.     Specifically, OER maintains its headquarters in Castle Rock, Colorado, which is in this District.

## THE PARTIES

12.     Wortham worked for OER as an Inspector from approximately January 2019 until May 2019.

13.     Throughout his employment with OER, OER classified Wortham as an exempt employee and paid him a salary with no overtime compensation.

14.     Wortham's consent to be a party plaintiff is attached as Exhibit 1.

15.     Wortham brings this action on behalf of himself and all other similarly situated Inspectors who were misclassified as exempt employees and paid a salary with no overtime.

16.     OER paid each of these employees a salary for all hours they worked and failed to pay them overtime for the hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

17.     The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

**All current and former Utility and/or Welding Inspectors**

**employed by, or working on behalf of, OER who were classified as exempt employees and paid a salary with no overtime at any time in the past 3 years (Salaried Inspectors).**

18.     OER can be served with process through its registered agent: **Brad Hamilton, Jones & Keller, PC, 1999 Broadway, Suite 3150, Denver, Colorado 80202,** or wherever it may be found.

## COVERAGE UNDER THE FLSA

19.     At all relevant times, OER has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.     At all relevant times, OER has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21.     At all relevant times, OER has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). OER has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

22.     In each of the last 3 years, OER has had an annual gross volume of sales made or business done of at least $500,000.

23.     At all relevant times, Wortham and the Salaried Inspectors were engaged in commerce or in the production of goods for commerce.

24.     Indeed, Wortham and the Salaried Inspectors were engaged in foreign and/or interstate commerce and work on the channels and instrumentalities of interstate commerce, including but not limited to oil and gas pipelines across the United States.

25.    OER treated Wortham and the Salaried Inspectors as exempt employees and uniformly dictated the pay and classification practices it applied to Wortham and the Salaried Inspectors.

26.    Indeed, OER uniformly applied its policy of classifying the Salaried Inspectors, including Wortham, as exempt employees and paying them a salary with no overtime compensation.

27.    OER applied this uniform pay scheme regardless of any alleged individualized factors such as precise inspector job position, pipeline, job duties/responsibilities, client assignments, or geographic location.

28.    By classifying its Inspectors as exempt employees an paying them a salary with no overtime compensation, OER violated (and continues to violate) the FLSA's requirement that it pay its employees overtime compensation at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

29.    As a result of OER's exempt classification and salary pay policies, Wortham and the Salaried Inspectors do not receive overtime as required by the FLSA.

30.    OER's uniform compensation scheme of paying its Inspectors a salary with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a), (e).

### FACTS

31.    OER bills itself as having a "proven track record of providing qualified inspection personnel for [its] clients[,] … both midstream and production companies alike."[1]

---

[1] https://www.optimalenergyresources.com/construction-management.html (last visited June 18, 2021).

32.     To complete its business objectives, OER hires Inspectors, including Wortham and the Salaried Inspectors, to inspect, observe, and test the workmanship and materials for compliance with its policies and procedures, including the plans, specifications, and applicable codes throughout the Southwest United States.

33.     Wortham and the Salaried Inspectors provide necessary inspection services to oil and gas pipelines and OER's water recycling systems that serve these pipelines across the Southwest United States.

34.     Indeed, Wortham and the Salaried Inspectors inspect the work on oil and gas pipelines in order to ensure they are constructed in accordance with OER's (and its clients') standards, protocols, and construction plans, as well as federal and state regulations.

35.     OER's clients are companies that own and operate pipelines that require the inspection services Worth and the Salaried Inspectors provide to properly function.

36.     OER relies on the inspection services Wortham and the Salaried Inspectors provide so its clients' pipelines can safely transport goods, including oil and gas.

37.     OER's clients typically maintain pipelines that enable the movement of goods and services across state lines as a stream of interstate commerce.

38.     Without the inspection services Wortham and the Salaried Inspectors provide to OER and its clients, oil and gas would not be able to travel across state lines through the pipelines on which Wortham and the Salaried Inspectors work.

39.     Indeed, the inspection services Wortham and the Salaried Inspectors provide to OER and its clients is necessary to keep the intra- and interstate flow of oil and gas.

40.     Wortham and the Salaried Inspectors, in part, ensure OER's (and its clients') appropriate compliance with state and federal safety and regulatory requirements.

5

41.     The Pipeline and Hazardous Materials Safety Administration sets federal standards that pipelines must comply with in their operation.

42.     Wortham and the Salaried Inspectors assist OER's clients in meeting all operation requirements set forth by the Pipeline and Hazardous Materials Safety Administration on a federal level and related state agencies.

43.     The inspection services Wortham and the Salaried Inspectors provide to OER and its clients immediately and necessarily precedes the action of oil and gas flowing along interstate pipelines across the country.

44.     Wortham and the Salaried Inspectors' work is centered on ensuring the safe transport of oil and gas along intra- and interstate pipelines across the country by making sure the pipelines necessary to transport oil and gas to its ultimate destination are constructed and/or repaired in accordance with established standards, procedures, plans, and regulations.

45.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay and classification practices for similar work.

46.     OER paid these so-called exempt employees a salary for all the hours they worked, regardless of the number of hours that they worked in that workweek without any overtime pay for hours that they worked in excess of 40 hours in a workweek.

47.     For example, Wortham worked for OER as a dual Utility and Welding Inspector from approximately January 2019 until May 2019.

48.     Throughout his employment with OER, OER classified Wortham as an exempt employee and paid him a salary with no overtime pay.

49.     Wortham and the Salaried Inspectors do not receive overtime pay.

50.     This is despite the fact Wortham and the Salaried Inspectors often work 12+ hours a day, for up to 7 days a week, for weeks at a time.

51.     Although Wortham and the Salaried Inspectors typically worked up to 7 days a week, for 12+ hours a day, they did not receive any overtime pay.

52.     Wortham and the Salaried Inspectors work in accordance with the schedule set by OER and its clients.

53.     Wortham's work schedule is typical of the Salaried Inspectors.

54.     OER knows Wortham and the Salaried Inspectors work 12+ hours a day, for up to 7 days a week, for weeks at a time.

55.     OER's records reflect the fact that Wortham and the Salaried Inspectors regularly work far in excess of 40 hours in certain workweeks.

56.     OER does not pay Wortham or the Salaried Inspectors overtime for hours worked in excess of 40 in any of those weeks.

57.     Instead, OER classified Wortham and the Salaried Inspectors as exempt employees and pays them a salary with no overtime compensation.

58.     For example, throughout his employment with OER, OER classified Wortham as an exempt employee and paid him a weekly salary of $1,740.

59.     Wortham and the Salaried Inspectors received their salary regardless of the number of hours they worked in a day or week, even when they worked more than 40 hours in a workweek.

60.     OER's policy of classifying Wortham and the Salaried Inspectors as exempt employees and paying them a salary with no overtime compensation violates the FLSA.

61.     Indeed, as Inspectors, Wortham and the Salaried Inspectors performed non-exempt job duties including observing and inspecting the work of third-party contractors and reporting their

observation to OER and its clients to ensure the pipelines are constructed in accordance with OER's (and its clients') standards, protocols, and construction plans, as well as federal and state regulations.

62.     The job functions of Wortham and the Salaried Inspectors were primarily technical in nature, requiring little to no official training other than that provided by OER (and/or its clients) to all Inspectors upon hiring.

63.     Indeed, Wortham and the Salaried Inspectors are not required to use any independent judgment, nor do they have significant discretion in performing their recruiting duties.

64.     Rather, OER requires Wortham and the Salaried Inspectors to perform their inspection job duties pursuant to established OER policies, procedures, training, and protocols, from which they cannot stray.

65.     Thus, to the extent Wortham and the Salaried Inspectors make "decisions," such decisions do not require the exercise of independent discretion and judgment.

66.     Instead, Wortham and the Salaried Inspectors apply well-established OER techniques and procedures and use established OER standards to evaluate any issues.

67.     Wortham and the Salaried Inspectors perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each Inspector.

68.     OER does not require its Inspectors, including Wortham and the Salaried Inspectors, to have an advanced degree.

69.     Indeed, being a OER Inspector does not require specialized academic training as a standard prerequisite.

70.     Wortham and the Salaried Inspectors do not perform any supervisory or management duties for their work for OER.

71.     As Inspectors, Wortham and the Salaried Inspectors do not set the techniques, standards, plans, or procedures utilized to perform their job duties, nor do they set quality standards.

72.     Wortham and the Salaried Inspectors are not allowed to deviate from OER's techniques and procedures utilized to perform their inspection job duties or from any quality standards set by OER and/or its clients.

73.     At all relevant times, OER maintained control, oversite, and direction of Wortham and the Salaried Inspectors, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

74.     Wortham and the Salaried Inspectors do not have the power to hire, fire, or discipline any OER employees.

75.     Very little skill, training, or initiative is required of Wortham and the Salaried Inspectors to perform their inspection job duties.

76.     Indeed, the daily and weekly activities of Wortham and the Salaried Inspectors are routine and largely governed by standardized plans, procedures, and checklists created by OER and/or its clients.

77.     Virtually every job function is predetermined by OER and/or its clients, including the tools and equipment used at the job site, the data to compile, the schedule of work, and related work duties.

78.     OER prohibits Wortham and the Salaried Inspectors from varying their job duties outside of the predetermined parameters and requires Wortham and the Salaried Inspectors to follow OER's (and its clients') policies, procedures, and directives.

79.     All of OER's Salaried Inspectors perform similar inspection job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

80.     With these job duties, Wortham and the Salaried Inspectors are clearly non-exempt employees entitled to overtime under the FLSA.

81.     Wortham's working relationship with OER is similar to that of the Salaried Inspectors.

82.     OER does not pay its Inspectors, including Wortham and the Salaried Inspectors, overtime for hours worked in excess of 40 in a single workweek.

83.     Instead, OER pays Wortham and the Salaried Inspectors a salary with no overtime compensation.

84.     As a result of OER's uniform pay and classification policies, Wortham and the Salaried Inspectors were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt job duties.

85.     Because OER misclassified Wortham and the Salaried Inspectors as exempt employees, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

86.     OER knew Wortham and the Salaried Inspectors worked more than 40 hours in a week.

87.     OER knew, or showed reckless disregard for whether, Wortham and the Salaried Inspectors were not exempt from the FLSA's overtime provisions.

88.     Nonetheless, OER failed to pay Wortham and the Salaried Inspectors overtime.

89.     OER knowingly, willfully, or in reckless disregard carried out this illegal classification and pay policies that deprived Wortham and the Salaried Inspectors of overtime compensation in violation of the FLSA.

90.     OER's failure to pay Wortham and the Salaried Inspectors overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

91.     OER willfully violated the FLSA.

### CAUSE OF ACTION
### FLSA VIOLATIONS

92.     Wortham brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

93.     OER employed, or employs, Wortham and the Salaried Inspectors within the meaning of the FLSA.

94.     By failing to pay Wortham and the Salaried Inspectors overtime when they worked in excess of 40 hours in a workweek, OER has violated, and is violating, Section 7 of the FLSA. (29 U.S.C. § 207.)

95.     OER failed to pay Wortham and the Salaried Inspectors overtime as required by the FLSA.

96.     Instead, OER misclassified Wortham and the Salaried Inspectors as exempt employees and paid them a salary with no overtime.

97.     OER knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Wortham and the Salaried Inspectors overtime compensation.

98.     OER's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

99.     Accordingly, Wortham and the Salaried Inspectors are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

100.    The illegal pay practices OER imposed on Wortham were likewise imposed on the Salaried Inspectors.

101.    Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

102.    Numerous other individuals who worked with Wortham indicated they were paid and classified in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

103.    Based on his experiences and tenure with OER, Wortham is aware that OER's illegal practices were imposed on the Salaried Inspectors.

104.    The Salaried Inspectors were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

105.    OER's failure to pay wages and overtime compensation at the rates required by state and federal law, including the FLSA, result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Salaried Inspectors.

106.    Wortham's experiences are therefore typical of the experiences of the Salaried Inspectors.

107.    The specific job titles or precise job locations of the Salaried Inspectors do not prevent collective treatment.

108.    Wortham has no interest contrary to, or in conflict with, the Salaried Inspectors.

109.    Like each Salaried Inspector, Wortham has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

110.    A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

111.    Absent this collective action, many Salaried Inspectors likely will not obtain redress of their injuries and OER will reap the unjust benefits of violating the FLSA.

112.    Furthermore, even if some of the Salaried Inspectors could afford individual litigation against OER, it would be unduly burdensome to the judicial system.

113.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

114.    The questions of law and fact common to the Salaried Inspectors predominate over any questions affecting solely the individual members.

115.    Among the common questions of law and fact are:

    a.    Whether the Salaried Inspectors were improperly misclassified as exempt employees;

    b.    Whether OER's decision to classify the Salaried Inspectors as exempt employees was made in good faith;

    c.    Whether OER's decision to not pay overtime to the Salaried Inspectors was made in good faith;

    d.    Whether OER's violation of the FLSA was willful; and

    e.    Whether OER's illegal pay and classification practices were applied uniformly across the nation to all Salaried Inspectors.

116.    Wortham's claims are typical of the claims of the Salaried Inspectors.

117.    Like Wortham, the Salaried Inspectors sustained damages arising out of OER's illegal and uniform employment policy.

118.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

119.    Therefore, this issue does not preclude class or collective action treatment.

## JURY DEMAND

120.    Wortham demands a trial by jury.

## RELIEF SOUGHT

121.    WHEREFORE, Wortham prays for judgment against OER as follows:

   a.    For an Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to the Salaried Inspectors with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b.    For an Order appointing Wortham as representative and his counsel to represent the interests of the Salaried Inspectors;

   c.    For an Order finding OER liable to Wortham and the Salaried Inspectors for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   d.    For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

e.      For an Order granting such other and further relief as may be necessary and

appropriate.

Respectfully submitted,

By:  */s/ Michael A. Josephson*
      **Michael A. Josephson**
      Texas Bar No. 24014780
      **Andrew W. Dunlap**
      Texas Bar No. 24078444
      **Taylor A. Jones**
      Texas Bar No. 24107823
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF
& THE SALARIED INSPECTORS**